CROSS, Judge.
Appellants-defendants, City of Sunrise, John Lomelo, Mayor of Sunrise, Cecil E. Shine, Robert M. Latour, Theodore E. Bradshaw, Sr., Prentiss H. Whiting, Mary Lou Ingalls, City Councilmen of Sunrise, and Charles Zucker, Chief Plumbing Inspector of Sunrise, seek review of a final judgment permanently enjoining the appellants from prohibiting the use of plastic and hubless cast iron pipe and fittings in underground drainage and sewer systems within the City of Sunrise. We reverse.
By special act of the Florida Legislature, Chapter 71-575, construction of buildings in all incorporated and unincorporated areas of Broward County, Florida, was required to comply with the South Florida Building Code. Chapter 46 of the South Florida Building Code specifically authorized the use of plastic and hubless cast iron pipe and fittings in all building construction. Enforcement of the building code within a municipality was the responsibility of the city’s mayor and councilmen.
On August 10, 1971, Charles Zucker, Chief Plumbing Inspector of Sunrise, Florida, a municipality in Broward County, notified plumbing contractors that use of plastic and hubless cast iron pipe and fittings in underground drainage and sewer systems in Sunrise was thereafter prohibited. The notice of prohibition was appealed by a plumbing contractor to the Bro-ward County Board of Rules and Appeals. The board ruled that the city must comply with the South Florida Building Code and allow the use of plastic and hubless cast iron pipe and fittings in all building construction. The city refused to comply with the board’s ruling.
Appellee, Plastics Pipe Institute, was a division of the Society of the Plastics Industry, Inc., a New York non-profit corporation organized to promote the plastics industry and the use of plastics products. Plastics Pipe Institute filed this suit to enjoin the appellants from prohibiting the use of plastic and hubless cast iron pipe and fittings. A temporary injunction was entered by the circuit court. After the cause came on for trial the circuit court entered a final judgment permanently enjoining the appellants from prohibiting the use of plastic and hubless cast iron pipe and fittings in Sunrise. It is from this final judgment that the appellants take their appeal.
The primary question presented for our determination in this appeal .is whether Plastics Pipe Institute, a division of the Society of the Plastics Industry, Inc., had the capacity to bring this suit against the appellants.
Section 617.11, Florida Statutes 1971, provides that any non-profit foreign corporation may, by filing with the department of state a duly authenticated copy of its charter or articles of incorporation, together with a filing fee, obtain a permit to carry on in this state the objects and purposes of its incorporation, provided such.objects and purposes of incorporation are not prohibited or contrary to the Laws of Florida. Subsection 3 of said statute mandates that any foreign corporation not for profit failing to obtain such a permit, and such corporation’s successors and assigns, shall not be permitted to bring or maintain any suit or other proceeding before any court or administrative body of the State of Florida.
In the instant case, the record clearly indicates that the Society of the Plastics Industry, Inc., which included as a division *114 Appellee-Plastics Pipe Institute, was a New York non-profit corporation. The Society of the Plastics Industry, Inc., never obtained a permit to promote the plastics industry and the use of plastics products within the State of Florida. Therefore, appellee, as a division of the Society of the Plastics Industry, Inc., did not have the capacity to bring this suit in the trial court.
Accordingly, the final judgment appealed is reversed and the cause remanded to trial court for further proceedings consistent with the views herein expressed.
Reversed and remanded.
OWEN, C. J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.